UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLY SANCHEZ,

                              Petitioner,

              -against-

WARDEN AT F.C.I. HAZELTON,

                              Respondent.

24-CV-1251 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By letter dated January 22, 2024, Petitioner asserted that, with respect to his conviction in *United States v. Sanchez*, ECF 1:19-CR-0360, 123 (S.D.N.Y. Feb. 16, 2024), he is entitled to relief pursuant to Amendment 821. (ECF No.1 at 2.) Petitioner also asserted that he is entitled to relief pursuant to "Amendment 817 safety valve provision by amending 5C1.2 under the First Step Act (FSA)."[1] (*Id.*) Petitioner requested that the court "assign this case to the public defend[sic] office for reviewer and legal assistance." (*Id.*)

By order dated February 16, 2024, the Honorable Kimba M. Wood, of this court, construed Petitioner's letter, filed in *United States v. Sanchez*, ECF 1:19-CR-0360, 123 (S.D.N.Y. filed Jan. 29, 2024), as a motion for reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Sanchez*, ECF 1:19-CR-0360, 123 (S.D.N.Y. Feb. 16, 2024). Judge Wood found Petitioner ineligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), denied Petitioner's request for counsel, and to the extent that Petitioner sought relief pursuant to the First Step Act, directed the Clerk of Court to open Petitioner's letter as a new civil action

---

[1]  Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

pursuant to 28 U.S.C. § 2241. *Id*. The Clerk of Court opened the letter as a new civil action, as directed by Judge Wood, and assigned the above referenced docket number to this action.

By order dated February 21, 2024, the Court directed Petitioner, within 30 days, to (1) either pay the $5.00 fee or, to proceed without prepayment of the filing fee, submit an application to proceed *in forma pauperis* ("IFP"); and (2) complete and sign a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] (ECF No. 2.)

In response to the Court's order, Petitioner filed a "motion for complete definite statement." (ECF No. 3.) In his motion, Petitioner requests that the Court "be more specific, ordering petitioner, to file a (2241) and on which grounds under the First Step Act the petitioner qualified for the relief." (*Id.*)

## DISCUSSION

### A.    The First Step Act

Under the First Step Act of 2018 ("FSA"), P.L. 115-391, an eligible prisoner "who successfully completes evidence-based recidivism reduction programming or productive activities" and who is "determined by the [BOP] to be at a minimum or low risk for recidivating" shall earn 15 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities. *See Cohen v. United States*, No. 20-CV-10833 (JGK), 2021 WL 1549917, at *2 (S.D.N.Y. Apr. 20, 2021) (relying on 18 U.S.C. § 3632(d)(4)(A)).[3]

---

[2] An application to proceed IFP and a form Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 were included with the Court's February 21, 2024 order.

[3] In *Cohen*, No. 20-CV-10833 (JGK), 2021 WL 1549917, at *2, the district court agreed with the government that "the BOP is not required to provide evidence-based recidivism reduction programing and productive activities for all prisoners, or calculate or apply time credits earned, until January 15, 2022."

The proper vehicle for a challenge to the BOP's calculation of earned time credit is a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[4] *See, e.g., Frazer v. Petrucci*, No. 19-CV-0865 (JGK), 2019 WL 5887302, at *2 (S.D.N.Y. Nov. 8, 2019) ("To the extent that the petitioner attacks the BOP's calculations of [earned-conduct time credit] as inconsistent with the [FSA], . . . *habeas* relief under 28 U.S.C. § 2241 is the correct vehicle.").

The Court makes no determination regarding Petitioner's eligibility for relief under the FSA, and the Court is not permitted to advise Petitioner as to the grounds he should raise in any petition that he seeks to file. Because Petitioner, by his January 22, 2024 letter, seemed to indicate that he was seeking relief under the FSA, Judge Kimba Wood directed that this new action be opened for Petitioner to pursue such relief.

**B.    Requirements to file a petition for writ of *habeas corpus***

To proceed with a petition for a writ of *habeas corpus* in this court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed IFP, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. If Petitioner wishes to seek relief under the FSA, he must (1) file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241; and (2) pay the $5.00 filing fee or submit an application to proceed IFP.

Petitioner did not submit the fee or a completed IFP application with his letter. Within thirty days of the date of this order, if Petitioner wishes to seek *habeas corpus* relief pursuant to the FSA, he must either pay the $5.00 fee or complete and submit the attached IFP application. If Petitioner submits the IFP application, it should be labeled with docket number 24-CV-1251

---

[4] Generally, "home confinement satisfies [Section] 2241(c)'s 'in custody' requirement." *McLean v. United States*, 3:20-CV-0439, 2020 WL 5095585, at *4 n.3 (W.D.N.C. Aug. 28, 2020).

(LTS). If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of the $5.00 fee. *See* 28 U.S.C. § 1915(a)(1).

**C.      Instructions for Submitting a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241**

Pursuant to 28 U.S.C. § 2242, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf. It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242.

Petitioner's submission does not allege facts concerning his commitment or detention, the name of the person who has custody over him, or why he believes he is entitled to relief under the FSA. The Court therefore directs Petitioner to (1) complete and sign the attached petition form; and (2) include his grounds for relief under the FSA. If Petitioner needs assistance completing his petition, the Court suggest that Petitioner seek assistance from the law library at the facility where he is incarcerated.

If Petitioner does not wish to pursue relief under the FSA, he need not respond to this order, and in 30 days, the case will be dismissed without prejudice for Petitioner's failure to comply with this order.

**D.    Venue**

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Because Petitioner is currently incarcerated at FCI Hazelton in Bruceton Mills (Preston County), West Virginia, which is located in the judicial district of the United States District Court for Northern District of West Virginia, *see* 28 U.S.C. § 129(a), his petition under Section 2241 should be filed in the Northen District of West Virginia. If Petitioner files his petition in this district, the Court will likely transfer it to the Northern District of West Virginia, where Petitioner is incarcerated. *See* 28 U.S.C. § 1406(a).

**CONCLUSION**

If Petitioner wishes to pursue relief under the FSA, the Court directs Petitioner, within 30 days of the date of this order, to (1) pay the $5.00 fee or submit the attached IFP application; and (2) complete and sign the attached Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and return it to the court's Pro Se Intake Unit.

No answer shall be required at this time. If Petitioner complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates

good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 1, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff or petitioner applying (each person
must submit a separate application))

-against-

CV _____ ( ) ( )

(Provide docket number, if available; if filing this with
your complaint, you will not yet have a docket number.)

_____

(full name(s) of the defendant(s)/respondent(s))

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1.  *Are you incarcerated?*  ☐ Yes  ☐ No  (If "No," go to Question 2.)

    I am being held at: _____

    Do you receive any payment from this institution?  ☐ Yes  ☐ No

    Monthly amount: _____

    If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2.  Are you presently employed?  ☐ Yes  ☐ No

    If "yes," my employer's name and address are:


    Gross monthly pay or wages: _____

    If "no," what was your last date of employment? _____

    Gross monthly wages at the time: _____

3.  In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

    (a) Business, profession, or other self-employment  ☐ Yes  ☐ No
    (b) Rent payments, interest, or dividends  ☐ Yes  ☐ No

| | | |
|---|---|---|
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) Disability or worker's compensation payments | ☐ Yes | ☐ No |
| (e) Gifts or inheritances | ☐ Yes | ☐ No |
| (f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) | ☐ Yes | ☐ No |
| (g) Any other sources | ☐ Yes | ☐ No |

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4.   How much money do you have in cash or in a checking, savings, or inmate account?

5.   Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6.   Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7.   List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8.   Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:*  I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

| | |
|---|---|
| _____ | _____ |
| Dated | Signature |
| | |
| _____ | _____ |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |

| | | | |
|---|---|---|---|
| _____ | City | State | Zip Code |
| Address | | | |

| | |
|---|---|
| _____ | _____ |
| Telephone Number | E-mail Address (if available) |

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Instructions

1.  **Who Should Use This Form**.  You should use this form if
    - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
    - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
    - you are alleging that you are illegally detained in immigration custody.

2.  **Who Should Not Use This Form**.  You should not use this form if
    - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
    - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
    - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3.  **Preparing the Petition**.  The petition must be typed or neatly written, and you must sign and date it under penalty of perjury.  **A false statement may lead to prosecution.**

    All questions must be answered clearly and concisely in the space on the form.  If needed, you may attach additional pages or file a memorandum in support of the petition.  If you attach additional pages, number the pages and identify which section of the petition is being continued.  Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches.  **Do not use the back of any page.**

4.  **Supporting Documents**.  In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5.  **Required Filing Fee**.  You must include the $5 filing fee required by 28 U.S.C. § 1914(a).  If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6.  **Submitting Documents to the Court**.  Mail your petition and __0__ copies to the clerk of the United States District Court for the district and division in which you are confined.  For a list of districts and divisions, see 28 U.S.C. §§ 81-131.  All copies must be identical to the original.  Copies may be legibly handwritten.

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7.  **Change of Address**.  You must immediately notify the court in writing of any change of address.  If you do not, the court may dismiss your case.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

)
)
)
_____   )
Petitioner   )
)
v.   )   Case No. _____
)   *(Supplied by Clerk of Court)*
)
)
_____   )
Respondent   )
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.   (a)  Your full name: _____

(b)  Other names you have used: _____

2.   Place of confinement:

(a)  Name of institution: _____

(b)  Address: _____

_____

(c)  Your identification number: _____

3.   Are you currently being held on orders by:

❏ Federal authorities     ❏ State authorities     ❏ Other - explain:

_____

4.   Are you currently:

❏ A pretrial detainee (waiting for trial on criminal charges)

❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

If you are currently serving a sentence, provide:

(a)  Name and location of court that sentenced you: _____

_____

(b)  Docket number of criminal case: _____

(c)  Date of sentencing: _____

❏ Being held on an immigration charge

❏ Other  *(explain)*: _____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.     What are you challenging in this petition:

❐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❐ Pretrial detention

❐ Immigration detention

❐ Detainer

❐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❐ Disciplinary proceedings

❐ Other *(explain)*: _____

_____

_____

6.     Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court: _____

_____

(b)  Docket number, case number, or opinion number: _____

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

_____

_____

_____

(d)  Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7.     **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❐ Yes                    ❐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b)  If you answered "No," explain why you did not appeal: _____

_____

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes              ❏ No

(a)  If "Yes," provide:

      (1)  Name of the authority, agency, or court: _____

      _____

      (2)  Date of filing: _____

      (3)  Docket number, case number, or opinion number: _____

      (4)  Result: _____

      (5)  Date of result: _____

      (6)  Issues raised: _____

      _____

      _____

      _____

      _____

      _____

(b)  If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❏ Yes              ❏ No

(a)  If "Yes," provide:

      (1)  Name of the authority, agency, or court: _____

      _____

      (2)  Date of filing: _____

      (3)  Docket number, case number, or opinion number: _____

      (4)  Result: _____

      (5)  Date of result: _____

      (6)  Issues raised: _____

      _____

      _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b)  If you answered "No," explain why you did not file a third appeal:  _____

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❏ Yes                    ❏ No

If "Yes," answer the following:

(a)      Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❏ Yes                    ❏ No

If "Yes," provide:

(1)  Name of court:    _____

(2)  Case number:    _____

(3)  Date of filing:    _____

(4)  Result:    _____

(5)  Date of result:    _____

(6)  Issues raised:    _____

_____

_____

_____

_____

(b)      Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❏ Yes                    ❏ No

If "Yes," provide:

(1)  Name of court:    _____

(2)  Case number:    _____

(3)  Date of filing:    _____

(4)  Result:    _____

(5)  Date of result:    _____

(6)  Issues raised:    _____

_____

_____

_____
_____
_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
conviction or sentence: _____

_____
_____
_____
_____
_____
_____

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❏ Yes          ❏ No

If "Yes," provide:

(a)  Date you were taken into immigration custody: _____

(b)  Date of the removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?

❏ Yes          ❏ No

If "Yes," provide:

(1)  Date of filing: _____

(2)  Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____
_____
_____
_____
_____

(d)  Did you appeal the decision to the United States Court of Appeals?

❏ Yes          ❏ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Date of filing: _____

(3)  Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues

raised in this petition?

❏ Yes                    ❏ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution,

laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the

facts supporting each ground.

**GROUND ONE**: _____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground One in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND TWO**: _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Two in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND THREE**: _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Three in all appeals that were available to you?

❏ Yes                    ❏ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**: _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

❏ Yes               ❏ No

14.     If there are any grounds that you did not present in all appeals that were available to you, explain why you did

        not: _____

        _____

        _____

## Request for Relief

15.  State exactly what you want the court to do: _____

_____

_____

_____

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____          _____
                                                                    *Signature of Petitioner*

                                                        _____
                                                            *Signature of Attorney or other authorized person, if any*